```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

                             )
UNITED STATES OF AMERICA     )
                             )
       v.                    )  CRIMINAL NO. 04-10045-DPW
                             )
LUIS RAMIREZ, A/K/A          )
   Defendant.                )
```

<u>REPORT OF THE UNITED STATES
AND REQUEST FOR AN ORDER THAT AN INDEPENDENT
PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT BE CONDUCTED</u>

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and Peter K. Levitt, Assistant U.S. Attorney, and hereby files this report pursuant to the Court's Order dated October 6, 2004 and pursuant to 18 U.S.C. § 4241. At the October 6, 2004 status conference regarding this case, the Court requested that the government file a report regarding the logistics for arranging a psychological examination of the defendant.

On September 10, 2004, the defendant filed a motion for a competency determination and a two-page report of the examination of the defendant by Dr. Paul Spiers, a neuropsychologist. Dr. Spiers explicitly noted that, "[a]s a result of Mr. Ramirez' limited intellectual and communication skills, *I was unable to administer a formal test of his competency to stand trial*." (Emphasis added.)[1]  Notwithstanding this acknowledgement, Dr.

---

[1] Dr. Spiers went on to state: "Should you or the Court wish for me to administer the MacArthur Competency Assessment test for Criminal Adjudication [MCAT] to this defendant, additional funds

Spiers went on to opine that the defendant does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding", and that it seems entirely improbable that he will have "a rational as well as factual understanding of the proceedings against him."

Dr. Spiers, by his own admission, has not made a formal determination of competency.  In any event, the government submits that, regardless of the firmness or completeness of Dr. Spiers evaluation, it is in the interests of justice that an independent, complete evaluation be conducted of the defendant's competency for trial be conducted.  The government therefore requests that, pursuant to 18 U.S.C. § 4241(b), the Court "order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."  18 U.S.C. § 4241(b).

Specifically, the government requests that, pursuant to § 4247(b), the Court issue an order committing the defendant to the custody of the Attorney General for placement in a suitable facility and ordering that the director of said facility arrange to have a competency examination of the defendant conducted by a licensed or certified psychologist, and that said competency examination include the following pursuant to 18 § 4247(c):

---

will need to be allowed."

    (1) the person's history and present symptoms;

    (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3) the examiner's findings; and

    (4) the examiner's opinions as to diagnosis, prognosis, and-

        (A) . . . whether the person is suffering from a mental disease or defect rendering hum mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.S. § 4247(c). The government further requests that the Court Order that said report be filed with the Court and provided to counsel for the defendant and counsel for the government. See 18 U.S.C. §§ 4247(b).

    At the October 6, 2004 hearing, the Court also asked counsel for the government to report to the Court as to whether the government had requested, during discovery, that defense counsel provide notice of an insanity defense. The government did not make such a request during discovery.

          Respectfully submitted,

          MICHAEL J. SULLIVAN

          United States Attorney,


By: /S/ PETER K. LEVITT
    PETER K. LEVITT
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA
    (617) 748-3355


DATED: October 12, 2004

<u>CERTIFICATE OF SERVICE</u>

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served by facsimile on Benjamin Entine, counsel for the defendant, on October 12, 2004.

<u>/s/ PETER K. LEVITT</u>
PETER K. LEVITT
ASSISTANT UNITED STATES ATTORNEY