## UNITED STATES DISTRICT COURT

CRIMINAL NO: 04-10045-DPW

UNITED STATES OF AMERICA

v.

LOUIS RAMERIZ

## MOTION FOR DOWNWARD DEPARTURE

The defendant, Louis Rameriz, by counsel, comes before the Court and moves for a downward departure from the advisory capacity of the United States Sentencing Guidelines, pursuant to §5K2.13 defendant's diminished mental capacity.

The defendant suffers from a life-long condition indicated by a very low I.Q., (55), inability to master essential learning in either Spanish or English, limited ability to focus attention, combined with life-long physical ailments including spinal scoliosis and an impairment in speech and mobility. As a result of a combination of these factors Mr. Rameriz has never learned to read or write, never acquired useful vocational skills, or held a job, never been able to live independently apart from family members or girlfriends. The sum total of these conditions and deficits are consistent with the defendant functioning at the level of mild to moderate mental retardation, a condition which is life-long, pre-dating and including the relevant periods of this offense conduct.

Following counsel's request for competency evaluation (as a result of his inability to have meaningful conversations with the defendant in either Spanish or English) a neuro-psychologist evaluated him and determined he has a child-like level of function and an inability to focus efficiently to take the standardized tests applicable for a

determination of competency. Dr. Paul Spiers concluded that in light of all of these factors it was unlikely that the defendant could be determined competent.

The defendant was further examined at F.M.C. Ayer, Massachusetts by Dr. Christine Scronce who concurred that Mr. Rameriz is mentally retarded, performing "very poorly on tests indicating intellectual function, further testing confirms that this is apparently a chronic problem effecting his life-long development." The government's psychologist further noted that Rameriz's "cognitive limitations may pose challenges to his participation in the legal process." She stated that he suffers "severe deficits but retains the minimal capacities necessary to proceed with his case."

From the opinions of both a neuro-psychologist and a clinical/forensic psychologist, for both the government and defense, Mr. Rameriz presents with cognitive, intellectual and emotional deficits such that he apparently suffers a diminished capacity, as related to both time and activities constituting the instant offenses, and throughout all aspects of his life as well. His issues arose developmentally and predate any involvement with drugs.

Mr. Rameriz's ability to make reasoned decisions is clearly impaired. See United States v. Cantu, 12 F.3d 1506, 1512, 1516 (9th Cir. 1993). The departure was not disallowed under circumstances in which a defendant also used drugs and the court determined drug use was both "a product and factor of his impaired mental condition"; See United States v. Lewinson, 988 F.2d 1005 (9th Cir. 1993); §5K2.13 "applies both to mental defects and emotional disorders…the focus is on mental capacity not the cause-- organic, behavioral or both"); United States v. Bennett, 9 F. Supp. 2d 513 (E.D. Pa. 1998).

For the aforementioned reasons defendant moves for downward departure from the advisory capacity of the United States Sentencing Guidelines and seeks a reduction from the guideline range, to a term reasonable in light of all the factors.

July 26, 2005                                    Respectfully submitted,

<div style="margin-left: 40%;">
/s/ Benjamin D. Entine, Esq.<br>
77 Franklin Street<br>
3rd Floor<br>
Boston, MA 02110<br>
617-357-0770<br>
BBO# 558533
</div>